UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAIME LUEVANO,<br><br>    Plaintiff,<br><br>v.<br><br>Texas Gov. RICK PERRY,<br>Texas Att. Gen. GREG ABBOTT, and<br>TEXAS SUPREME COURT et al.,<br><br>    Defendants. | Civil No. 11-2045 (SRN/FLN)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, a Texas state prison inmate, commenced this action by filing a self-styled complaint seeking a writ of mandamus that would compel Congresswoman Michelle Bachmann to conduct a Congressional investigation of the State of Texas. He did not pay any filing fee when he filed this action, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.)

When the matter came before this Court for a ruling on Plaintiff's IFP application, the Court noted that Plaintiff is barred from proceeding IFP under the "three strikes rule" set forth at 28 U.S.C. § 1915(g).[1] Therefore, by order dated July 26, 2011, (Docket No. 3), the Court denied Plaintiff's IFP application, and directed him to pay the full $350 filing fee

---

[1] Section 1915(g) was enacted as part of the Prison Litigation Reform Act of 1995 ("PLRA"). It provides that:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

prescribed by 28 U.S.C. § 1914(a).  That order expressly advised Plaintiff that if he did not pay the full filing fee by August 31, 2011, the Court would recommend that this action be summarily dismissed.

After Plaintiff was ordered to pay the filing fee for this action, he filed a "Motion to Reconsider." (Docket No. 4.)  As far as the Court can tell, Petitioner is contending that his initial pleading in this case should not be treated as a civil complaint, but as something else.  However, Plaintiff has not explained what that "something else" might be.  Although Plaintiff's submissions in this case are, for the most part, incomprehensible, it does seem fairly clear that he is seeking a court order – more specifically, a writ of mandamus.  However, Plaintiff can seek a writ of mandamus (or any other court order) only by filing a civil complaint that initiates a new civil action.  Therefore, Plaintiff's initial pleading in this case must be treated as a civil complaint, and this case is subject to all of the rules that pertain to civil actions filed in federal district courts – including the statutory $350.00 filing fee requirement, (28 U.S.C. § 1914(a)),[2] and the "three-strikes rule," (28 U.S.C. § 1915(g)).[2]  Because the three-strikes rule <u>does</u> apply to this case, the Court will recommend that Plaintiff's "Motion to Reconsider" be denied.

---

[2] See Mory Lamas v. Gonzales, No. CIV A. 07-3351 DMC (D.N.J. 2007), 2007 WL 2769660 at *1, n. 1 ("[t]he filing fee for a writ of mandamus, which is the same as the filing fee for a civil complaint, is $350.00").

[2] See Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) ("Allowing prisoners to continue filing actions as they had before enactment of the amendments [effected by the PLRA], merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'... Based on the history and purpose of the Prison Litigation Reform Act, we conclude that petitions for a writ of mandamus are included within the meaning of the term 'civil action' as used in § 1915.")

Plaintiff has not shown that he should be excused from the three-strikes rule because he is currently "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As the Court noted in the previous order in this case, there are no allegations in Plaintiff's complaint which suggest that he is currently facing any specific and genuine threat of serious physical injury. Plaintiff has not described any actual credible threat to his health or safety that could be remedied by his current lawsuit against the named Defendants. Thus, the Court finds, once again, that Plaintiff cannot be excused from the three-strikes rule in this case.

The deadline for paying the $350 filing fee for this action has now passed, and Plaintiff has not tendered any fee payment. Therefore, in accordance with the Court's prior order in this matter, it is now recommended that this action be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Motion to Reconsider," (Docket No. 4), be **DENIED**; and

    2.  This action be summarily **DISMISSED WITHOUT PREJUDICE**.

Dated: September 9, 2011

                                                                         s/ *Franklin L. Noel*
                                                                         FRANKLIN L. NOEL
                                                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 26, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.